*Pierce* for the plaintiff, *Preston* for the defendants.

---

## PEET & AL. vs. MORGAN.

APPEAL from the court of the first district.

*A legislative declaration, that if the intervening party does not give security, and the sheriff proceeds to sell, the latter shall be responsible for damages, does not repeal all other parts of the law under which he was so before.*

*No delivery is necessary where the thing sold is already in the vendee's possession, tho' in autre droit.*

PORTER, J. delivered the opinion of the court. This case has been already before the court, and by a judgment of this tribunal of March term, 1827, it was remanded for a new trial. Since its return to the district court the intervener discontinued by leave of the court, and the case was tried between the original parties, there was judgment against the defendant and he appealed.

It is an action against the appellant for having as sheriff, illegally and forcibly taken possession of a certain quantity of merchandize, of which the plaintiffs allege they are owners.

The defendant pleads that the trespass and injury complained of, results from a seizure made by him in his official capacity in virtue of a writ of attachment issued in a suit

wherein T. W. Pratt was plaintiff, and R. & B. W. Dewitt were defendants, and that he took the goods mentioned in the petition, by virtue of special instructions from Pratt, in consequence of which he is not liable to an action at the suit of the plaintiffs.

He further pleads that the goods were the property of the Dewitts, and that the sale to the plaintiff, if any such there was, was false, fraudulent, simulated, and collusive.

This last ground of defence was disposed of when the case was last before us. We there held, as we had repeatedly decided in other cases quite similar to this, that frauds and collusion could not be enquired into in an action arising on a seizure made by the sheriff, that if the sale was fraudulent, a suit should be brought to set it aside, and that the party could not before a judgment was rendered, annulling the contract, treat the transaction as null and void, and seize the property as belonging to the vendors.

We then also expressed our opinion, if not at great length, at least after much reflection, that the first ground of defence was untenable. The counsel for the appellant has again gone fully into the subject, but after the best conside-

ration we can give the question, our conclusions must be the same as before. The whole strength of the argument rests on the provision in the code of practice in relation to the opposition of third persons, whose property is seized by the sheriff, and particularly the 400th article, which declares, that if the third person, who has intervened to prevent the sale, does not furnish security to have it enjoined, the sheriff may sell; but that if he does, he shall be personally responsible to the intervener for all damages which the sale may occasion. The conclusion we draw from this provision, is directly opposite to that contended f r by the appellant. He argues, because recourse is given in this instance, it is refused in all others; that this new provision is a repeal of our former law, by which the sheriff was responsible, if he seized property other than that of the defendant in execution. But we think, that on no sound principle of construction, can the affirmative provision be considered a repeal of a former law, to which it is not contrary, nor even different; for previous to the passage of the code of practice, a third person, whose property was seized, might have endeavoured to prevent the sale, and *if the sheriff sold after*

the interference, he would have been respon-
sible.   But the responsibility, after judicial no-
tification, is not irreconcileable with the rights
of the owner  to claim damages,  though he
does not interfere.   They both stood together
before the code of practice, and the re-enact-
ing one of them, does not repeal the other.—
We have so often expressed our opinion in re-
gard to the rules of construction applicable to
repealing statutes, that it is deemed unneces-
sary to go into the subject at length.   *Vol.* 1,
158; *ibid*, 73; *vol.* 3, 190 & 236.

The exception attempted to be made, be-
cause this provision is found in the code of
practice, and not in an ordinary statute, is with-
out any foundation,   There is no repealing
clause to it, except in relation to articles of the
civil code to which it may be repugnant; no
rule presented for its construction which places
it on different grounds from other laws.  *Act
of* 1824, 178.

One of the points made by the appellee is,
that the goods were delivered as a  collateral
security, and that there was no transfer of the
property.   The evidence, we think, shews that
the securing of a debt due to the plaintiffs was
the motive that induced the purchase; but the

contract which intervened between them and their debtor, for the accomplishment of this object, was one of sale, and vested such a title to the goods in them, as prevented their sei» zure.

The cause was remanded to ascertain the date of the *sous seing prive* act, under which the plaintiffs claim. It appears by the evidence taken on the second trial, that it was executed the day prior to the seizure. The actual possession being in the plaintiffs, antecedent to, and at the time of the transfer, though not in their own right, did not prevent possession following the title. No further delivery was necessary. None could have been made, unless the vendor first took them out of the hands of the purchaser, and then gave them back again, which would have been a vain ceremony the law does not require.

The judgment of the court below is complained of, as giving the plaintiffs a larger sum than they are entitled to: on this point the opinion of the court is with the appellant. As the goods have been sold by consent of both parties, since the inception of the suit, and as the amount of the sale will cover the price the plaintiff was to pay, we think the officer who

Eastern Dis.
March, 1828.

PEET & AL.
vs.
MORGAN,

acted in good faith, should not be responsible for more than the nett amount produced by the sale at auction.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of five thousand nine hundred and forty-three dollars and seventy-five cents, with costs in both courts.

*Hennen* for the plaintiffs, *Watts* for the defendant.